MARY L. HOWE *vs.* ALEXANDER GRIMES.

Middlesex.     November 14, 1911. — January 18, 1912.

Present: RUGG, C. J., HAMMOND, SHELDON, & DeCOURCY, JJ.

*Bond,* In bastardy process. *Bastardy.*

A bond given by the defendant in a bastardy process upon his release from arrest before the enactment of St. 1911, c. 53, amending R. L. c. 82, § 4, with a condition not only for the appearance of the defendant before the municipal court at the time "specified in said bond," as required by said § 4, but also for his appearance before that court on subsequent days to which the hearing might be continued, for which a separate bond then was required by § 6 of the same chapter, and with an additional condition that the defendant should abide the order of the municipal court, is not good as a statutory bond and consequently under R. L. c. 82, §§ 7, 15, is not security for the performance by the defendant of the order of the Superior Court in the case after its transmission to that court, although the bond is good as a common law obligation.

CONTRACT against the surety on a bond given by one Lincoln Young as principal and the defendant as surety in a bastardy process under R. L. c. 82, in which Young was arrested as the alleged father of the plaintiff's child and was released upon giving the bond in suit. Writ in the Police Court of Somerville dated November 20, 1908.

The condition of the bond sued upon was as follows: "Now, therefore, if the said principal shall appear and answer to said

complaint at the said Municipal Court, as above required, on the 22nd day of August at nine o'clock in the forenoon and so from day to day and time to time until the final — and abide the — order of said court thereon, then this obligation shall be void otherwise it shall be and remain in full force and virtue."

On appeal to the Superior Court the case was tried before *Schofield,* J. The facts which appeared in evidence are stated in substance in the opinion.

At the close of the evidence the plaintiff asked the judge to instruct the jury " to assess her damages at $400 as the sum found due her in equity and good conscience, and for which execution should issue." The judge refused to give this instruction.

The plaintiff also asked the judge to rule "that the bond given in the case was security for the performance of the penal order of the Superior Court on April 10, 1908; that there was a breach of the condition of the bond upon the failure of the defendant to surrender himself or be surrendered by the surety, at the time of making such order."

The plaintiff also asked the judge to rule " that the personal appearance of said Lincoln Young at the final adjudication, when he was adjudged to be the father of the child and was ordered to stand charged with the payments specified in the order of the Superior Court on April 10, 1908, and to give a bond with sufficient sureties to perform that order, and that he stand committed until he should so give such bond — his personal appearance then and at that adjudication and his submission to commitment would have discharged the bond and this surety; and that his failure to so appear was a breach of the bond."

The judge refused to make the rulings requested. He ruled that, the condition of the bond being larger in scope than the condition provided for in § 4 of R. L. c. 82, the bond could not be considered a statutory bond, but was a common law bond, and that the defendant would be held according to the fair construction of the condition; that § 6 of R. L. c. 82 contemplated a different bond from that provided for in § 4; that a bond given under § 4 to secure the release of a defendant under arrest in a bastardy process could not be used as a bond under § 6 without the knowledge and assent of the surety; and that the bond sued upon, being a common law bond, could not make the surety liable for the per-

formance of the order of the court under the provisions of § 15 of R. L. c. 82 as provided in § 7.

The judge further ruled that the provision in the condition of the bond, that the principal should abide the final "order of said court," referred to the final order of the municipal court, and that upon the record introduced in evidence a breach of the principal's common law obligation was shown in that he did not appear in the municipal court, but was defaulted, and that this default required that a verdict should be found for the plaintiff.

The judge concluded his rulings as follows: "The plaintiff does not contend that any actual damage can be shown by reason of the default of the respondent in the municipal court. The court therefore orders that damages for which execution shall issue shall be assessed in the nominal sum of one dollar." The jury returned a verdict in accordance with this order; and the plaintiff alleged exceptions. It was agreed by the parties that if the plaintiff's exceptions should be sustained, judgment might be entered for the penal sum of the bond, and execution might issue for $400 and taxable costs.

*R. W. Gloag*, for the plaintiff.

*H. N. Allin*, for the defendant.

DeCourcy, J. On August 20, 1906, one Lincoln Young was arrested on a warrant issued upon a bastardy complaint, and on August 21 was released from arrest after giving the bond in suit signed by the defendant as surety. The hearing in the municipal court was continued from time to time until November 12, when Young defaulted. The case was duly transmitted to the Superior Court, and on April 10, 1908, Young, not appearing, was adjudged to be the father of the plaintiff's child and was ordered to stand charged with the maintenance thereof.

The bastardy statute makes provision for two distinct bonds previous to that required when the defendant is bound over to the Superior Court. R. L. c. 82, § 4, authorizes his release from arrest upon giving a bond for his appearance before the municipal court "at a time to be specified in said bond." The statute of which this section is a re-enactment was passed in 1871 (St. 1871, c. 42, § 1; Pub. Sts. c. 85, § 4); and before that time the defendant presumably was compelled to remain in custody after his arrest until the time of his arraignment, as no means were

provided in the statute for his release on bail. Rev. Sts. c. 49, § 1. Gen. Sts. c. 72, § 4.

As early as 1863 the Legislature authorized the local courts to continue from time to time the hearing of a bastardy complaint, and to take from the accused a bond for his appearance, "at any hearing of the complaint at any subsequent time to which the same may be continued, and from time to time until the final disposition of the complaint before the court or justice and not depart without leave." And this provision, with immaterial verbal changes, was re-enacted in Pub. Sts. c. 85, § 6, and now appears in R. L. c. 82, § 6.

The bond in the present action undertakes to secure the attendance of the accused not only on the day originally set for the hearing of the complaint, but also on subsequent days to which the hearing might be continued. There was no statutory authority for such a bond, embracing the conditions mentioned in both § 4 and § 6, until the present year, when St. 1911, c. 53, was enacted. And an additional condition in the present bond is that the accused shall abide the order of the municipal court, — a condition that is not provided for in either § 4 or § 6. Clearly the bond is not good as a statutory bond and consequently is not security for the performance by the accused of the order of the Superior Court. R. L. c. 82, §§ 7, 15.

The bond, however, is valid as a voluntary or common law bond. It is an agreement not prohibited by the statute nor contrary to public policy, and is founded upon a sufficient consideration. *Farr* v. *Rouillard,* 172 Mass. 303. The default of the accused in the municipal court constituted a breach of the defendant's common law obligation and entitles the plaintiff to at least nominal damages. The plaintiff has precluded us from considering whether she is entitled to substantial damages by the statement in her exceptions that "The plaintiff does not contend that any actual damage can be shown by reason of the default of the respondent in the municipal court."

*Exceptions overruled.*