WOODWARD *v.* TROUT ET AL.

[No. 10,632.   Filed December 22, 1920.   Rehearing denied January 28, 1921.   Transfer denied March 29, 1921.]

1. APPEAL.—*Appeal Bond.*—*Liability.*—*Estoppel to Attack Condition in Bond.*—Where one appealing from a judgment against him for ten dollars damages and costs and enjoining him from maintaining a dam across a watercourse and requiring its removal executed an appeal bond which, in addition to the usual stipulation for the payment of the judgment and costs as required by §679 Burns 1914, §638 R. S. 1881, was conditioned to pay "all damages which may be sustained" by appellee, and "the mesne profits, wastes or damages to the land" during the pendency of the appeal, and the opposite party relied upon such condition, which was voluntarily written in the bond, appellant is estopped, upon affirmance of the judgment, to attack the condition for payment of damages as surplusage because not required by the statute, and cannot evade liability thereunder for damage to appellee's crops resulting from overflows of water held back by the dam while the appeal was pending.   p. 210.

2. APPEAL.—*Bond.*—*Conditions Voluntarily Added.*—*Validity.*— An appeal bond in which appellant had voluntarily written a condition requiring him to pay the waste and damages to appellee's land during the pending of the appeal in event of affirmance, was not prohibited by statute nor contrary to public policy, and was founded upon a sufficient consideration, so that it was sufficient as a common-law bond, even if not sufficient as a statutory bond because the statute did not require such a condition.   p. 212.

From Knox Circuit Court; *William F. Calverley*, Special Judge.

Action by Tarlton C. Woodward against Robert E. Trout and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Ewing Emison, William S. Hoover, Claude E. Gregg* and *William R. Nesbit,* for appellant.

*Charles D. Hunt, Gilbert W. Gambill* and *Clarence B. Kessinger,* for appellees.

NICHOLS, J.—This was an action by appellant against appellees upon an appeal bond.

Appellee's demurrer to appellant's amended complaint was sustained and, appellant refusing to plead further, judgment was rendered against him on demurrer for costs. From this judgment appellant prosecutes this appeal, assigning as error the court's ruling on the demurrer.

It appears by the complaint that appellant recovered judgment against appellees Trout and Trout in a former action on June 26, 1914, in the Clay Circuit Court, for $10 damages and costs and enjoining appellees from maintaining a concrete dam across a watercourse and for the removal of the same and, upon failure or refusal to remove it, the sheriff of the county was directed to remove it at the expense of such appellees. From that judgment appellees Trout and Trout appealed to the Appellate Court, executing their appeal bond here in suit as principals, with appellees Taylor and Schultz as sureties. The bond is conditioned that said Trout and Trout "shall well and truly prosecute said appeal, and abide by and pay the judgment and costs which may be rendered or affirmed against them, and shall pay all damages which may be sustained by the said Tarlton C. Woodward and the mesne profits, wastes or damages to the land during the pendency of the said appeal."

Appellant in his complaint claims damages to his

crops resulting from water which was held back by the concrete dam in the years 1915, 1916 and 1917, during the pendency of the appeal.

Appellees contend that as the statute (§679 Burns 1914, §638 R. S. 1881) only requires that they shall duly prosecute their appeal and abide by and pay the

1. judgment and costs which may be rendered or affirmed against them, they are only required to pay the $10 judgment with costs, and that the condition in the bond with reference to mesne profits, waste or damages was surplusage and created no liability against them.

It is admitted for the purposes of this demurrer that appellant had suffered the damages alleged in his complaint by reason of the failure of appellees to remove the concrete wall during the pendency of the appeal. We do not decide as to whether appellant had any other remedy by which he might have protected himself from loss. It is sufficient for us to say that as he was lulled into the belief that he was fully protected by the condition in the bond which condition was not contrary to law or against public policy and, as far as appears was voluntarily written therein, he should not now be deprived of the benefit of it, if it can be held valid under the law, and we think it can.

In the case of *Spriggs* v. *State* (1903), 161 Ind. 225, 66 N. E. 693, 67 N. E. 992, there was a suit on a $20,000 bond filed in a drainage proceeding, the law requiring in such proceedings, as a prerequisite to the consideration of the petition, a bond of not less than $50 per mile and on this basis the bond should have been for $975. It was contended that there could be no recovery in excess of that amount. The court held that the bond in its entire amount rested upon the consideration of the petition.

In the case of *Peelle* v. *State, ex rel.* (1889), 118 Ind.

Woodward v. Trout—75 Ind. App. 208.

512, 21 N. E. 288, the action was upon a guardian's bond. In the guardian's application it appeared that the ward had no personal property, but had real estate of the value of $1,200 with a rental value of $65 per year. The bond was made in a penalty of $2,400. A bond of four times the rental value, or $260, would have satisfied the statute. But the court held that, if there was a mistake, it was a mistake of law, and such mistake cannot be corrected by the courts, and that, even if the mistake was of a character that could be corrected, the obligors, having permitted the guardian to re-receive a large sum of money on the faith of the validity of the bond and its adequacy, cannot cause the ward to lose by reducing the amount of the penalty. So in this case, the obligors, having permitted appellee to believe himself safe and secure in the validity of the condition which they had voluntarily inserted in the bond, cannot now destroy that security by obliterating the condition. They acted upon the bond as executed, without in any way questioning the condition, receiving full benefit by the stay of proceedings and execution while the appeal was pending and during all of which time appellant was suffering the damages complained of, and it is now too late to deny the validity of the condition. The purpose of an appeal bond is to make the appellee safe during the pendency of the appeal, and certainly in this case with a bond so worded, the obligors cannot be heard to say that appellee in the former action, appellant herein, is only safe as to the judgment for $10 and costs, and that, notwithstanding their expressed obligation, he must suffer a loss as appears by the averments of the complaint of about $1,000. It is the policy of the law to uphold appeal bonds, not to make them of no effect by a mutilating construction. The meaning of the condition involved is plain and, if the obligors did not expect to be bound by it, they should not have inserted it. Hav-

ing received all the benefits of an appeal under the bond voluntarily executed, they are now estopped from denying its validity or the validity of any part of it. *Small* v. *Kennedy, Admr.* (1895), 12 Ind. App. 155, 39 N. E. 901; *Lucas* v. *Shepherd* (1861), 16 Ind. 368; *Moses* v. *Royal Indemnity Co.* (1916), 276 Ill. 177, 114 N. E. 554; 4 C. J. 1269.

Even if the bond were not sufficient as a statutory bond, it is sufficient as a common-law bond. It is not prohibited by statute, nor is it contrary to public policy. It is founded upon a sufficient consideration, appellees herein having received the benefits of their appeal with stay of proceedings and execution. *Coughran* v. *Sundback* (1900), 13 S. D. 115, 82 N. W. 507, 79 Am. St. 886; *Howe* v. *Grimes* (1911), 211 Mass. 33, 97 N. E. 371; *Babcock* v. *Carter* (1897), 117 Ala. 575, 23 South. 487, 67 Am. St. 199; *Goodwin* v. *Bunzl* (1886), 102 N. Y. 224, 6 N. E. 399.

The judgment is reversed, with instructions to overrule the demurrer to the complaint and for further proceedings.