ALFRED E. JOY COMPANY, INCORPORATED, *vs.* NEW AMSTERDAM CASUALTY COMPANY (ROBERT R. HAWLEY) ET ALS.

Third Judicial District, New Haven, January Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE AND KEELER, JS.

A painting contractor sublet the entire job to one H, who furnished a surety bond for the due fulfillment of the contract. After its partial completion H abandoned the undertaking and the plaintiff was compelled to complete it at a cost in excess of the price for which H had agreed to do the job. Under the contract with H he was to repay the plaintiff such excess, and also any sums the plaintiff should be compelled to pay to discharge liens upon the premises. Two liens, amounting to $1,637.38, were placed upon the property, and because of these liens the owner of the premises refused to pay the plaintiff. In a suit on the bond, the trial court ruled that the plaintiff could not recover in default of showing actual payment to the lienors, or payment for the whole job in excess of the amount which it had agreed to pay H, on the ground that the bond only secured the repayment of such amounts to the plaintiff. *Held* that this was erroneous,

since the bond was breached by H's failure to perform his primary obligation of providing the materials and doing the work, and thereafter the plaintiff was, in any event, entitled to nominal damages, and also such other damages as it could equitably establish up to the time of trial.

The plaintiff also asked for a declaratory judgment as to the amount due the lienors, joining them as defendants with the surety company, the owner of the premises, and H, and alleging that such declaration was necessary to fix the amount due it as damages for breach of the bond, and that unless it were made the plaintiff was in danger of losing its rights under the bond, since, by its terms, action thereon must be instituted within twelve months after completion of the contract. *Held* that there was no misjoinder of causes of action and that, under our liberal procedure for a declaratory judgment, the plaintiff, upon its allegations, was entitled to an interlocutory declaratory judgment fixing the amounts due the lienors, as a preliminary to a judgment in its favor for damages for breach of the bond.

Argued January 25th—decided April 18th, 1923.

ACTION to recover the sum of $1,890 expended by the plaintiff in completing a certain painting job which the defendant Hawley had abandoned, and for a declaratory judgment establishing the rights of the parties, brought to the Superior Court in New Haven County where the demurrer of the defendant surety (the New Amsterdam Casualty Company) to the original complaint was overruled (*Maltbie, J.*), and its demurrer to the amended complaint was sustained, *Wolfe, J.;* thereafter, the plaintiff having refused to plead further, the court (*Wolfe, J.*) rendered judgment for the defendant surety, and the plaintiff appealed. *Error and cause remanded.*

The allegations of the amended complaint set forth, in substance, the following situation: The plaintiff, in July, 1919, contracted with the defendant Grace Hospital Society, to paint a building on its land and provide material therefor, for the sum of $10,995, and on January 31st, 1921, it made a subcontract with

one Robert R. Hawley by which Hawley "agreed to provide all materials and perform all the work for the painting" of the building in question for the sum of $10,100; this agreement also contained provisions to the effect that should Hawley refuse or neglect to supply sufficient workmen or materials, the plaintiff should be at liberty to provide such labor or materials and deduct the cost thereof from money due or to become due Hawley; and that, there being sufficient ground for such action, the plaintiff might terminate Hawley's employment and complete the work; and that if the expense of completing the work should exceed the unpaid amount due under the agreement, Hawley should pay the difference to the plaintiff; and that Hawley should refund to plaintiff all moneys that plaintiff should be compelled to pay in discharging any claim or lien on the premises made obligatory in consequence of Hawley's default.

About March 15th, 1921, Hawley as principal, and defendant the New Amsterdam Casualty Company as surety, entered into a bond in the penal sum of $2,000 to plaintiff as obligee, conditioned for the faithful performance by Hawley of his contract of January 31st, 1921, with the plaintiff.

Thereupon Hawley entered upon the execution of his agreement with the plaintiff, and partially performed it, but on or about the        day of September, 1921, he ceased work upon the painting and abandoned the job, and repudiated all of his obligations under the agreement.

Thereupon, pursuant to the request and direction of the Grace Hospital Society and the Casualty Company, the plaintiff completed its contract with the Hospital Society, on or about October 15th, 1921.

In October, 1921, the defendant Hodges & Brother filed a certificate of mechanic's lien upon the building

and land in question, to secure an alleged claim for materials furnished Hawley in his work thereon to the amount of $758.40 and interest, and also the defendant Merrels & Whitfield, Inc., filed a like certificate of lien thereon for the sum of $911.98 and interest. By reason of the filing and pendency of these liens and of the claims thereunder, the Hospital Society refuses to pay the plaintiff the sum of $1,890.86 still unpaid on its contract.

The plaintiff is ignorant as to the validity and amounts of the alleged liens.

The subcontract with Hawley has cost the plaintiff $8,376.48 paid Hawley, and $1,560.55 paid to complete its contract with the Hospital Society, plus such amounts, if any, as may be due under the liens above mentioned.

The Hospital Society has refused to bring a suit for the purpose of determining the rights of the lienors, although requested by plaintiff to do so.

The plaintiff has made demand upon Hawley and upon the Casualty Company; his surety as aforesaid, that they pay or satisfy any valid claims of said Hodges & Brother and of said Merrels and Whitfield, Incorporated, and that they take action to cause their claims to be withdrawn and to cause the mechanic's liens to be released, but they have refused to do so.

Hawley has not had, since his breach of his contract with plaintiff, any property subject to attachment or other legal process, and now has no such property and is and at all times has been financially irresponsible.

The bond referred to contains the following, stated as an express condition precedent to any action upon the bond, to wit: "That any suits at law or proceedings in equity brought on this bond to recover any claim hereunder must be instituted within twelve months after the completion of said contract."

The Hospital Society claims the right to deduct from the amount due plaintiff, the amount of each of the claims of the lienors, and the lienors claim the right to be paid the amount of their respective claims by the Hospital Society out of the amount claimed from the Hospital Society by plaintiff, and the Hospital Society refuses to pay plaintiff the amount claimed by it because of the claims of the lienors, and for no other reason whatever.

There are actual bona fide and substantial questions and issues in dispute between all the parties, and substantial uncertainty of legal relations between all the parties to this suit which require settlement and judicial determination.

All the persons who have an interest in the subject-matter of the complaint are parties in this action.

The plaintiff prays for: 1. A declaratory judgment as to the existence or nonexistence of the rights, powers, privileges and immunities of the parties upon the facts alleged in the complaint, and of the existence or non-existence of the facts upon which such rights, powers, privileges and immunities now exist or will arise in the future.　2. A declaratory judgment determining:　(a) Whether or not said defendants Hodges have a valid or subsisting mechanic's lien upon the said building and the land on which it stands in the amount of $758.40 with interest, or any part thereof.　(b) Whether or not Merrels & Whitfield, Incorporated, have a valid and subsisting mechanic's lien upon the said building and the land upon which it stands, in the sum of $911.98 with interest, or any part thereof.　(c) How much is or will be due from said Hospital Society to said Merrels & Whitfield, Incorporated, and to said Hodges and to the plaintiff.　(d) The amount which is or will be due to the plaintiff from the defendant Hawley.　(e) The amount which is or will be due the

plaintiff from said defendant the New Amsterdam Casualty Company.

The plaintiff prays for consequential relief as follows: 1. Judgment against said Hospital Society for said sum of $1,890.86 and interest.  2. Or, in the alternative, judgment against said Hospital Society for so much of said balance of $1,890.86 and interest as may be due the plaintiff after said alleged claims of Hodges & Brother and of Merrels & Whitfield, Incorporated, if any, or so much thereof as may be found due to said claimants, if any, have been satisfied.  3. Two thousand dollars ($2,000) damages against said Hawley and said New Amsterdam Casualty Company. 4. Judgment against said Hawley and said New Amsterdam Casualty Company for the difference between the contract price of said work and materials agreed to be rendered and furnished by said Hawley under said agreement of January 31st, 1921, and the cost to plaintiff caused by said Hawley's breach thereof, being the amounts so paid to said Hawley, plus plaintiff's charges and disbursements for the completing of said painting work, plus such amount or amounts, if any, of the said alleged claims of said Hodges & Brother, and of said Merrels & Whitfield, Incorporated, as may be adjudged valid and subsisting claims in this suit.

*Frederick H. Wiggin,* for the appellant (plaintiff).

*Samuel E. Hoyt,* for the appellee (defendant the New Amsterdam Casualty Company).

CURTIS, J.  The defendant the Casualty Company demurred to the amended complaint setting forth, in substance, the foregoing facts, for the following, among other, reasons:  (1) Upon the ground that the undertaking of Hawley and the Casualty Company as surety,

was to refund any amounts that the plaintiff would be compelled to pay to discharge any liens, and the right of action of the plaintiff to sue upon the bond cannot become effective until the plaintiff has paid something; and (2) that the amount that the job has cost the plaintiff to date does not exceed the amount that it agreed to pay, and therefore no cause of action exists against the defendant Hawley or the Casualty Company.

The court sustained the demurrer upon these two grounds and overruled it as to the remaining grounds; the plaintiff refused to plead further, and judgment was entered for the Casualty Company, and the plaintiff appealed, assigning as its reason of appeal the sustaining of this demurrer.

We will first consider whether the court correctly sustained the demurrer on the first ground. The complaint sets up that in the agreement of Hawley with the plaintiff of January 31st, 1921, Hawley "agreed to provide all the materials and perform all the work for the painting" of the hospital building in question for $10,100. The complaint also alleges that the bond of Hawley and the Casualty Company was conditioned for the faithful performance by Hawley of the contract of January 31st with the plaintiff, and that in September, 1921, Hawley abandoned the painting job and repudiated all the obligations of his contract, an obligation of which was "to provide all the materials and perform all the work for the painting" of the hospital building in question. The plaintiff correctly claims that the primary term of Hawley's agreement with the plaintiff is "to provide all the materials and perform all the work for the painting" of the building in question, and consequently that when, in September, 1921, Hawley ceased work on the painting, abandoned the job and repudiated the contract, he breached the con-

tract and became liable for the breach; and since the
bond was conditioned for the faithful performance by
Hawley of his contract of January 31st, 1921, with the
plaintiff, the breach of the contract by Hawley in
September, 1921, created a cause of action on the bond
against Hawley and the Casualty Company in favor of
the plaintiff, the obligee, for whatever damages the
plaintiff could equitably establish up to the time of a
trial of the action, and in any event for nominal dam-
ages. *New Haven* v. *Eastern Paving Brick Co.*, 78
Conn. 689, 698, 63 Atl. 517; *Howe* v. *Grimes*, 211 Mass.
33, 36, 97 N. E. 371; *Smith* v. *Whiting*, 100 Mass. 122;
·*Albany Dutch Church* v. *Vedder*, 14 Wend. (N. Y.) 165;
9 Corpus Juris, 98.

There were certain further provisions in the Hawley
agreement to the effect that should Hawley refuse or
neglect to supply sufficient workmen or materials, the
plaintiff should be at liberty to provide such labor or
materials and deduct the cost thereof from money due
or to become due Hawley; and that, there being suffi-
cient ground for such action, the plaintiff might ter-
minate Hawley's employment and complete the work;
and that if the expense of completing the work should
exceed the unpaid amount due under the agreement,
Hawley should pay the difference to the plaintiff; and
that Hawley should refund to plaintiff all moneys that
plaintiff should be compelled to pay in discharging any
claim or lien on the premises made obligatory in con-
sequence of Hawley's default. These further provisions
were clearly made to render certain various subordinate
questions likely to arise in determining what the rights
of the plaintiff would be in case of the breach of the
primary agreement of Hawley to provide all the mate-
rials and perform all the work for painting the building
in question. The Casualty Company in its demurrer
selected one of these subordinate provisions relating to

the possible discharge of liens by the plaintiff, and asserts in the first ground of demurrer, in substance, that Hawley's agreement with the plaintiff was merely to repay the plaintiff whatever it paid to discharge any liens on the building, and therefore that the agreement and the bond of the Casualty Company was not breached until the plaintiff paid something to discharge liens. If the question of the breach of Hawley's agreement with the plaintiff is to be determined from injury arising from breaches of the subordinate provisions in the agreement, it seems evident that it is obviously unsound and incorrect to select only one of the subordinate provisions of the agreement and make it the sole criterion of whether Hawley breached his contract. As stated above, the abandonment of the contract of January 31st by Hawley in September breached the primary obligation of the contract and hence also breached the bond. For the reasons stated, the court erred in sustaining the demurrer on the first ground.

The second ground of demurrer which the court sustained is that "the amount that the job has cost the plaintiff to date does not exceed the amount that he agreed to pay, and therefore no cause of action exists against the defendant Hawley or the Casualty Company."

This ground of demurrer is based on the claim that even if Hawley's abandonment of the work and his contract with the plaintiff is disclosed by the complaint, yet there can be no cause of action upon the breach assigned against him or against the Casualty Company on the bond, unless the plaintiff has alleged the actual payment upon the job of a sum in excess of what it agreed to pay Hawley. In an action against Hawley for the breach of his contract, or against the Casualty Company and Hawley on the bond in question, the

plaintiff would be entitled in any event to a judgment for nominal damages. In its complaint in such an action the plaintiff was not required to minutely specify the extent of the damage suffered at the date of beginning the action. A good allegation of a breach and a general claim for damages, as in this complaint, makes a valid complaint. What more detailed statements as to damages a court might require on motion, does not affect the validity of the complaint. The court erred in sustaining the demurrer upon the first and second grounds.

We have examined the remaining grounds of demurrer to see if perchance any ground of demurrer was stated that would be fatal to the action against the Casualty Company, but we find none.

Under the privilege of uniting different causes of action, both legal and equitable, in the same complaint when presented as grounds of recovery upon claims arising out of the same transaction or transactions connected with the same subject of action, under General Statutes, § 5636, as construed in the case of *Lewisohn* v. *Stoddard,* 78 Conn. 575, 589, 63 Atl. 621, and under the relief permitted by our Declaratory Judgment Act, the aim sought by the plaintiff in this action can be carried out. The plaintiff seeks in this action to have its rights in relation to the fund held by the Hospital Society established by a determination of the rights of the lienors, and thereafter and consequent upon such determination, to have its rights against the Hospital Society and against the Casualty Company under the bond adjudicated. The allegations of the complaint show such relations between the plaintiff, the lienors, the Hospital Society, the Casualty Company, and Hawley, as to justify such determinations in one action and the consequent judgments for money relief. The causes of action alleged are as closely re-

lated, as growing out of related transactions, as the three causes of action held properly joined in *Lewisohn* v. *Stoddard,* 78 Conn. 575, 603, 63 Atl. 621. Each of the defendants either has an interest in the causes of action alleged, or is one whose presence is necessary for a complete determination and settlement of some question involved. General Statutes, § 5641; *Lewisohn* v. *Stoddard,* 78 Conn. 575, 604, 63 Atl. 621. In this action it is essential to the establishment and safeguarding of the rights of the plaintiff, that the court should determine and declare by an interlocutory declaratory judgment to what extent, if at all, the defendant Hodges & Brother has a valid lien upon the property in question of the Hospital Society. Likewise as to the claimed lien of Merrels & Whitfield, Incorporated. When these questions are determined, the legal consequences flowing from them will disclose what rights, if any, the plaintiff has to recover damages from the Hospital Society, and what damages, whether nominal or substantial, may equitably be recovered on the bond of Hawley and the Casualty Company. Among the rules of court made to carry out the Declaratory Judgment Act (Practice Book, 1922, p. 255), § 62 (b) provides that the Superior Court will render declaratory judgments as to the existence or nonexistence of any fact upon which the existence or nonexistence of such right, power, privilege or immunity, does or may depend, whether such right, power, privilege or immunity now exists or will arise in the future. The court, with all the parties in interest before it, can have no difficulty in framing issues, which will result in the finding of the facts, the legal consequences arising from which will determine the legal relations which the plaintiff seeks to have declared. Our rules, § 63 (a), provide that the Superior Court will not render declaratory judgments "upon the complaint of any person

unless he has an interest legal or equitable by reason of danger of loss or of uncertainty as to his rights or other jural relations." The complaint discloses that the plaintiff is ignorant of its jural relations as to the defendants, because of its inability to determine without judicial aid the validity or amounts of certain claimed mechanic's liens on the Hospital property in question, and that upon the determination of these facts and the legal consequences flowing from them, the existence or nonexistence of rights of action against the Hospital Society and the Casualty Company, and the extent of the same, depend. The situation of the plaintiff, as appears by the amended complaint, discloses that it is in uncertainty as to its rights against the Hospital Society and the Casualty Company because of its ignorance of its legal relations to them, owing to the claimed liens above mentioned; and, further, that because of the condition precedent contained in the bond as to the time of beginning suit against the Casualty Company, it is in danger of loss. The plaintiff, therefore, has such an interest as § 63 (a) of the rules requires in order to base a prayer for a declaratory judgment.

Furthermore, we are satisfied that the remedial purposes of our declaratory judgment statute and the rules thereunder, permit a party in the situation of the plaintiff to bring a complaint setting forth facts which show his interest under § 63 (a) of the rules in having a declaratory judgment rendered, and permit the coupling with the prayer for a declaratory judgment prayers for consequential relief, the legal basis for which depends on the legal relations to be established in the declaratory judgment. These legal relations and the legal consequences which follow from them, may, after their declaration, be incorporated in the complaint and thereby furnish a sufficient basis for a judgment for

consequential relief. In the case at bar the legal re-
lations established by a declaratory judgment may
disclose as a legal consequence: 1. That the plaintiff
is entitled to consequential relief against the Hospital
Society. 2. That it is entitled to such relief against
the Casualty Company and Hawley only. 3. That
it is entitled to such relief against the Hospital Society
to some extent, and against the Casualty Company
and Hawley to some extent; and judgments may be
rendered accordingly. For a complete determination of
the plaintiff's right to recover against the Hospital
Society and the Casualty Company on the bond, an
interlocutory adjudication, by a declaratory judgment,
of the relations of the plaintiff, the lienors, and the
Hospital Society, was necessary, and to this adjudica-
tion Hawley and the Casualty Company were proper
parties. To quote from *Lewisohn* v. *Stoddard*, 78
Conn. 575, 604, 63 Atl. 621: "It is true that the final
judgment may go as to one cause of action against
some or all of the defendants severally, and on another
cause of action against some of them jointly. It is
true that many separate and distinct issues may be
closed between different parties and that separate trials
may perhaps become necessary to determine them.
But these are common incidents of suits where both
legal and equitable relief are demanded from numerous
parties, on account of different transactions connected
with the same subject of action."

There is error, the judgment is set aside, and the case
remanded to be proceeded with according to law.

In this opinion the other judges concurred.