MORRIS YAFFE *vs.* GLENS FALLS INDEMNITY COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued May 13th—decided July 19th, 1932.

*Louis H. Katz,* with whom, on the brief, was *I. Oscar Levine,* for the appellant (plaintiff).

*Allan K. Smith,* with whom was *Thomas S. Whitman,* for the appellee (defendant).

MALTBIE, C. J. The original complaint was demurred to and the demurrer was sustained. After amendment, it was again demurred to and again the demurrer was sustained. The plaintiff failed to plead further and judgment was given for the defendant, from which judgment this appeal is taken. The complaint as amended contained the following

allegations: Dominick A. Fazzano mortgaged certain real estate to the plaintiff. The mortgage contained a provision that the grantee by his acceptance of the instrument agreed to permit the grantor to raze the building or buildings on the premises at any time during the life of the mortgage on condition that before doing so he would give the grantee a surety bond in the sum of $12,000 conditioned that, within ten years from the date of such razing, the grantor would build another building, to cost not less than $6000. While the mortgage was still in force Fazzano, desiring to raze the tenement house upon the premises, gave the plaintiff a bond, executed by the defendant as surety, the condition of which, after referring to the mortgage, stated that Fazzano was about to raze the building upon the premises and provided that if he, his heirs, executors, administrators or assigns, should cause to be erected on the land at his own expense, within the period of ten years, a building to cost not less than $6000, the obligation of the bond would be void, otherwise in full force and effect. Fazzano did raze the tenement house but did not construct a new building. Later he made default in payments due under the mortgage and the plaintiff brought an action of foreclosure, by the judgment in which, Fazzano failing to redeem, title to the premises became vested in the plaintiff. Meanwhile Fazzano informed the plaintiff that he could not and would not erect a building upon the premises in accordance with his obligation under the mortgage and did not intend ever to do so.

To the complaint as amended the defendant demurred on several grounds, one in effect being that no obligation rested upon the defendant under the bond until the expiration of the ten-year period fixed in its condition for the erection of the building, and another, that no admission by Fazzano could vary, enlarge or

render more burdensome the obligation of the defendant under the bond. The trial court sustained the demurrer upon the first of these two grounds, holding that the renunciation of performance of an obligation under a contract executory only as regards the party renouncing will not give rise to an immediate cause of action. 13 Corpus Juris, 655. How sound is this reason for the ruling of the court we have no occasion to inquire. Upon another principle the court was clearly correct in sustaining the demurrer.

Renunciation of an executory promise requires two things: On the part of the promisor a clear indication of a repudiation of his obligation under the contract, and on the part of the promisee an acceptance of that renunciation. "The contract remains a subsisting one until the parties have mutually elected to treat it otherwise, and have given unmistakable evidence of such an election." *Wells* v. *Hartford Manilla Co.*, 76 Conn. 27, 35, 55 Atl. 599; *Home Pattern Co.* v. *Mertz Co.*, 86 Conn. 494, 501, 86 Atl. 19. The renunciation by a party to a contract of its obligation and its adoption by the other party is a voluntary transaction which radically alters their respective rights as to each other, by making immediately due to the promisee damages for that renunciation, instead of leaving unaffected until the time set for performance the opportunity of the promisor to perform his obligation or to pay the damages then due. The bond before us was not conditioned upon the performance by Fazzano of his obligation under the agreement contained in the mortgage but solely upon the erection within ten years of a building upon the premises to cost not less than $6000. Such an alteration in the rights between Fazzano and the plaintiff as might result from the former's renunciation of the contract and the latter's adoption of it, without the defendant's knowledge or

consent, could not increase its obligation under the bond. The present case is very different from that of *Bridgeport* v. *Aetna Indemnity Co.*, 91 Conn. 197, 99 Atl. 566, and *Joy Co., Inc.* v. *New Amsterdam Casualty Co.*, 98 Conn. 794, 120 Atl. 684, both by reason of the broader terms of the bonds involved in those cases and of the fact that in both there had been a breach of the contract to secure the performance of which the bond in suit had been given. The action of the trial court in sustaining the demurrer was correct.

There is no error.

In this opinion the other judges concurred.