## UNION & NEW HAVEN TRUST COMPANY
vs.
## HAJAZ GROTTO BUILDING ASSOC., INC., ET AL.

Superior Court      New Haven County      File #46176

Present:   Hon. EDWIN C. DICKENSON, Judge.

Wynne & Emanuelson,       Attorneys for the Plaintiff.

Pond, Morgan & Morse,       Attorneys for the Defendant

## MEMORANDUM FILED OCTOBER 21, 1935.

DICKENSON, J.   The complaint sets up an unpaid note, sues the maker on the note and the other defendants as guarantors. In the guaranty recited it appears the guarantors each limited his liability to $1,000. The plaintiff alleges $19,700. with interest from April 1, 1934 to be due upon the note and asks judgment for (1) $21,000. damages from the defendant association (2) $1,100. damages from each of the

individual defendants. The plaintiff alleges it "is still the holder of said note, has several times made demand for the payment of said note" without obtaining payment; that "each of the guarantors has been notified of the default" by the maker but none has paid anything on account of their liability.

An earlier demurrer by the defendant maker of the note upon similar grounds was overruled and in a memorandum filed thereon attention was called to the rule that evidence of circumstances surrounding the execution of a contract may be introduced to explain its nature in certain instances.

This in the instant case might show the contract, as to the present demurrants, to have been an absolute guarantee. If it is such, the plaintiff may, indeed, proceed directly against the guarantors, **Bronx Derrick & Tool Co. vs. Porcupine Co. 117 Conn. 314 at 319;** but he may also sue both maker and guarantor in one action, **Lewisohn vs. Stoddard 78 Conn. 575, Joy Co., Inc., vs. New Amsterdam Casualty Co., 98 Conn. 794-802.**

In the former case it is said as it may be said of this case, that every party to the action is directly affected by the claims and that the causes of action affect every party; that "each of the defendants either has an interest in each cause of action adverse to the plaintiffs or is one whose presence is necessary for a complete determination and settlement of a certain question involved in it" **(P. 604).**

As to the second ground of Demurrer this is the subject, rather, for a motion to separate. **Practice Book, Section 100.**

The demurrer is overruled on all grounds.