### MARIE E. BUCKLEY
vs.
### EUGENE L. BUCKLEY, ET AL.

Superior Court      New London County      File #11270

Present: Hon. ALLYN L. BROWN, Judge.

Thomas F. Shields,      Attorney for the Plaintiff.

Arthur M. Brown,      Attorney for the Defendants.

### MEMORANDUM FILED DECEMBER 9, 1935.

BROWN, J. The plaintiff's complaint sets forth a cause of action in the First Count for a divorce as against the defendant Eugene L. Buckley, and in the Second Count for fraudulent conveyance by the defendant Eugene L. Buckley to two of the other defendants and the intestate of the administratrix defendant, this Count containing the further allegation that said conveyance was made by the defendant Eugene L. Buckley for the purpose of evading his duty to support the plaintiff as his wife. The plaintiff claims a divorce, alimony, change of name, and by way of equitable relief that the conveyance above referred to, be set aside and declared null and void as to the plaintiff. The defendants demur to the complaint for misjoinder of causes of action, because the First Count is for a divorce, and the Second Count is for fraudulent transfer of real estate.

The defendants' claim upon the demurrer is in short that these two causes of action are improperly joined because, first, they do not both fall under any one of the classifications set forth in the statute, and, second, both causes of action do not affect all of the parties defendant. The defendants cite the case of **Miles vs. Strong, §5512, 60 Conn. 393, 399,** in support of their position. The plaintiff contends that as to the first objection, both causes of action do fall under Class 7 of the statute, to wit: "upon claims . . . arising out of the same transaction or transactions connected with the same subject of action." And as to the second objection, that since an award of alimony is asked under the First Count, the amount of which would depend upon the amount of property owned by the defendant Eugene L. Buckley, it is essential to the determination of the cause of action in that Count for the Court to first coincidentally pass upon the issue of the alleged fraudulent conveyance set up in the Second Count, and that therefore the causes of action are properly joined, notwithstanding that the cause of action set forth in the First Count is against the defendant Eugene L. Buckley alone. The plaintiff cites the case of **Joy Co., Inc. vs. New Amsterdam Casualty Co., et al, 98 Conn., 794, 803 and 804,** as a decision supporting her position upon analogous facts.

This case is sufficient authority for overruling the demurrer upon the ground contended for by the plaintiff, for as the Court say in that opinion, at **page 804,** quoting from the case of **Lewisohn vs. Stoddard, 78 Conn. 575, 604:** "Each of the defendants either has an interest in the causes of action alleged or is one whose presence is necessary for a complete determination and settlement of some question involved." Incidentally, this case is also authority for the proposition that such relief may be had in a case predicated upon a statute as distinguished from a contract or tort at common law. It is evident that the situation in the principal case is distinguishable from that in the case of **Miles vs. Strong,** relied upon by the defendants, for it cannot be said here that the defendants "are different persons each having no interest in or relation to the suit brought (against) the other".

Even though the amount of alimony which might be awarded upon the First Count were not contingent upon the outcome of the cause of action set forth in the Second Count, the demurrer should be overruled upon a further ground

which relates particularly to the relief to which the plaintiff is entitled if successful in establishing her claim for alimony. The fourth prayer for relief makes clear that the plaintiff relies upon this equitable remedy, and the case of **Lewisohn vs. Stoddard,** above cited at **page 592,** shows that a judgment in the plaintiff's favor against the defendant Eugene L. Buckley is not an essential condition precedent to a cause of action seeking such relief. The opinion of the Court in the case of **Mathewson vs. Wakelee, 83 Conn. 75, 79,** makes clear that the joining of a principal debtor with other defendants against whom incidental equitable relief only is sought, is proper. The Court there say that after the principal claim has been established, the next step is a proceeding in equity, to reach out for and appropriate the assets needed to secure the amount adjudged. "Most frequently these two successive steps when necessary have been taken in independent proceedings. In **Booth vs. Starr,** however, we said that the proceedings incident to them both might be consolidated into a single equitable action in which the debt might be established and the relief sought obtained against those ultimately liable . . . Whether or not a proceeding such as that approved in **Booth vs. Starr** is in the strict sense a creditor's bill, as sanctioned by our practice, the analogy between the two at least is perfect, as respects both the ends sought and the preliminary facts necessary to be established, and we see no reason why the two necessary steps to the attainment of the object sought may not as well be taken in one action in the one case as in the other." The case of **Fine vs. Moomjian, 114 Conn. 226, 228,** is a recent authority in point to the same effect.

For the reasons stated, therefore, the defendants' demurrer to the complaint is overruled.