## HARRY L. PEATT
### vs.
## GERMAINE MOUGIN PEATT

Superior Court        Fairfield County        File #53049

Present: Hon. JOHN RUFUS BOOTH, Judge.

Daniel F. B. Hickey,        Attorney for the Plaintiff.

Edmund L. Morrison,        Attorney for the Defendant.

## MEMORANDUM FILED DECEMBER 9, 1937.

BOOTH, J.   In the above entitled cause, which is an action for divorce, the defendant has filed a cross complaint containing three counts.   The first and second counts set forth actions of divorce and the third count sets forth an action for a conveyance of real estate based on the theory of a constructive trust relationship between the parties and for an accounting in connection with such real estate.   The plaintiff demurs to the cross complaint on the ground that the causes of action therein stated are mis-joined.   That the first and second counts thereof are properly joined is obvious for each are claims arising out of the same transaction, to wit: the marital relationship of the parties and by virtue of **Section 5512 of the General Statutes** several causes of action may be united in one complaint if all are "upon claims whether in contract or tort or both arising out of the same transaction or transactions connected with the same subject of action".   The third count, however, sets forth an action which while allegedly created during the period of the marital relationship of the parties is in no way connected with or dependent upon such relationship.   Contrasting the claims set forth in the first and second counts with the claim set forth in the third count it is apparent that no common ground exists.   The essentials of one are the non essentials of the other and conversely.   It is essential to the actions in the first and second counts to prove either that the plaintiff wilfully deserted the defendant and continued such desertion for the requisite statutory period with total neglect of all the duties of the marriage covenant on his part to be performed or that his conduct toward the plaintiff was such as to constitute intolerable cruelty within the legal meaning of that term.   It is not essential to show that he purchased property under such circumstances as to constitute him a constructive trustee there-

of for the benefit of the defendant. It is essential for the enforcement of the claim made in the third count to prove this last above stated feature but it is not essential to establish either of the other features above referred to. Under the circumstances then it cannot properly be said that the transaction set forth in the third count arose out of the same transaction as those set forth in the first and second counts nor can it properly be stated that they are connected with the same subject of action, for the subject matter of each is distinctly separate from the other.

In view of the foregoing it is evident that the cross complaint of the defendant as drawn is legally defective for the reasons stated in Paragraph 1 of the demurrer thereto. Such being the situation said demurrer is hereby sustained.

In reference to such portions of the demurrer as refers to the prayers for relief under the cross complaint no action is necessary in view of the foregoing decision concerning the main features of the pleading.