## CAMILLE CASTONGUAY
vs.
## ALICE KATHERINE CASTONGUAY

Superior Court    New Haven County    File #53473

Present:  Hon. EDWARD J. DALY, Judge.

Edward M. Rosenthal,    Attorney for the Plaintiff.

Lewis J. Somers,    Attorney for the Defendant.

**MEMORANDUM FILED DECEMBER 14, 1937.**

DALY, J.   The defendant demurs to the complaint and sets out seven reasons therefor.   Among them is the claimed improper joinder of a cause of action for divorce as set forth in the first count with the cause of action as set forth in the second count.

In paragraph 2 of the second count it is alleged that, after the plaintiff and defendant intermarried, the plaintiff built a house on land then the property of the defendant.   It is not alleged that the land now belongs to the plaintiff.

It is further alleged that it was done in consideration of the marriage of the parties, for love and affection, and "with the further consideration that the defendant would turn over to the plaintiff title to said house, at any time that the plaintiff would so request".

In paragraph 3 of the second count, it is alleged that the defendant has refused to turn over said house to the plaintiff in accordance with the plaintiff's request.

The plaintiff relies upon **Section 5183 of the General Statutes,** which provides that when any married woman shall have derived any estate from her husband in consideration of their marriage or of love and affection, and her husband shall thereafter be divorced from her on the ground of her misconduct, the Court may decree that such personal estate remaining in her possession and such real estate standing in her name shall thereafter belong to him.

It will be noted that the plaintiff has alleged the agreement by the defendant to turn over to the plaintiff title to said house at any time that the plaintiff would so request, and that the defendant has failed to turn over the house to the plaintiff in accordance with the plaintiff's request. This allegation sets up an agreement between the parties and raises issues which are in no way connected with the issues in the cause of action for divorce.

Accordingly, the demurrer is sustained, for the reasons set forth in paragraphs 1, 2 and 3 thereof.

The demurrer is also sustained, for the reasons set forth in paragraphs 4, 5, 6 and 7 thereof.