## GABRIEL HERMAN v. GRACE H. HERMAN

SUPERIOR COURT          FAIRFIELD COUNTY          FILE NO. 74418

Memorandum filed May 28, 1947.

*Keogh & Candee,* of Norwalk, for the Plaintiff.

*Milton H. Belinkie,* of Bridgeport, for the Defendant.

ALCORN, J.   The complaint is in two counts. The first count seeks an annulment of marriage upon the ground that at the time of the ceremony "the defendant was mentally ill.

and incapable of entering into a binding contract of marriage." The second count seeks a divorce upon the ground that "at the time of said marriage and for some time prior thereto the defendant was suffering from a mental illness . . . At all times prior to their marriage the defendant fraudulently concealed the fact of said mental illness from the plaintiff."

The defendant demurs that the two causes of action are misjoined. It is conceded by the parties that the authority for such joinder, if it exists, must be found in subsection (7) of § 5512 of the General Statutes, which permits joinder of legal and equitable causes of action brought to recover "upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action."

"As the word employed in American codes of pleading and in our own Practice Act, a transaction is something which has taken place whereby a cause of action has arisen. It must therefore consist of an act or agreement, or several acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered." *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.*, 63 Conn. 551, 560.

Clearly, the transaction in this case is the marriage contract between the parties. The defendant argues that there is a misjoinder because the plaintiff is relying on different sets of facts as a basis of recovery in the two counts. This argument is unsound. The plaintiff bases his claim for relief on the defendant's alleged insanity. In both counts insanity is alleged to have existed at the time of the marriage. The only variation is that in the first count it is claimed that at the time of the the marriage the degree of insanity was such that no valid contract was made, while in the second count it is claimed that although the insanity existed the defendant at the time was competent to enter into the marriage contract and at the same time concealed her pre-existing insanity.

The plaintiff has the right to join in one complaint what therefore appears to be but two interpretations or versions of the same transaction. See *Lewisohn* v. *Stoddard*, 78 Conn. 575; *Peatt* v. *Peatt*, 5 Conn. Sup. 391; *Buckley* v. *Buckley*, 3 Conn. Sup. 168.

The demurrer is overruled.