### LIBERO PULITO v. GEMMA V. PULITO

SUPERIOR COURT       FAIRFIELD COUNTY       FILE No. 74974

Memorandum filed May 28, 1947.

*Finkelstone & Finkelstone,* of Bridgeport, for the Plaintiff.
*Friedman & Friedman,* of Bridgeport, for the Defendant.

ALCORN, J. The complaint is in two counts. The first cour t seeks a divorce on the ground of adultery. The second count is based upon § 5183 of the General Statutes and seeks a recovery of property allegedly conveyed to the defendant by the plaintiff in consideration of marriage or love and affection.

The defendant demurs that the two causes of action are mis-joined. Section 5512 of the General Statutes in subsection (7) permits joinder of legal and equitable causes of action brought to recover "upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action."

"As the word is employed in American codes of pleading and in our own Practice Act, a transaction is something which has taken place whereby a cause of action has arisen. It must therefore consist of an act or agreement, or several acts or agree-ments having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered." *Craft Re-frigerating Machine Co.* v. *Quinnipiac Brewing Co.*, 63 Conn. 551, 560.

A decree may be granted under § 5183 upon proof of (a) a conveyance to the wife; (b) in consideration of marriage or of love and affection, and (c) the wife's subsequent mis-conduct. *Hendrie* v. *Hendrie*, 7 Conn. Sup. 186, 191. The court in that case inferentially disposes of any suggestion of misjoinder by posing the question not then necessary to decide as to whether such relief must be granted in or incidental to a petition for a divorce or whether it might be made the subject of a separate action.

On the other hand, § 5183 has no application in a situation founded upon the claimed breach of an alleged agreement by the wife to convey at any time upon the husband's request, and in such a case there may be a misjoinder. *Castonguay* v. *Castonguay*, 5 Conn. Sup. 401.

The subject matter of the controversy between these parties arises primarily out of the marriage relation and the alleged misconduct of the wife. The causes of action stated in the two counts of the complaint are properly joined within the meaning of § 5512. *Lewisohn* v. *Stoddard*, 78 Conn. 575.

The demurrer is overruled.