[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on plaintiff's motion to consolidate the civil action with a pending dissolution action.
This civil action is commenced by the plaintiff mother and her two daughters against the defendant husband alleging conversion, embezzlement, fraud and forgery.
The plaintiff argues that it is in the best interest of efficiency and justice to try both cases together. Further, a proper disposition of property cannot be heard unless all issues are resolved together.
The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of marriage without this wide discretion and broad equitable power, the courts in some cases, might be unable to resolve the parties' disputes. Equity jurisdiction, once obtained will be retained for the purpose of administering complete relief. To do otherwise could lead to inconsistent results.
Three early Connecticut Superior Court cases dealt with the issue of joinder of claims or consideration in different ways.
In Peatt v. Peatt, 5 Conn. Sup. 391 (1939), the court took a formalistic approach to joinder of claims, holding that a count in the divorce complaint which charges a constructive trust should be imposed on real estate which was acquired during the marriage, is demurrable. A similar result was reached in Castonguay v. Castonguay, 5 Conn. Sup. 401 (1937).
However, in Buckley v. Buckley, 3 Conn. Sup. 168 (1935) a different result was reached. There, the plaintiff wife sued for divorce, and in the second count charged a fraudulent conveyance. Reasoning that the findings of fact necessary to dispose of the fraud claim would inevitably effect the determination of the parties' respective rights in the dissolution of marriage action, the court held that the causes of action were property joined.
Where in a complaint separate and distinct causes of action are joined, one in equity and one in law, either party has the right to have a jury trial of the issues involved in the course of action at law. So where there is involved in a case, a cause of action for damages properly cognizable at law, the fact that relief in equity is also sought, should not defeat the rights of the parties to have the matter joined and have one of the issues tried to a jury.
The court subscribes to the reasoning in the Buckley case CT Page 2562 (supra) and accordingly grants the motion to consolidate.
Socrates H. Mihalakos, Judge.